governed by the 1936 statute,[1] the provisions of which are the same as the similarly numbered sections of the Revenue Act of 1934. It appears that there was a small amount of cash on hand in the holding company which was turned over to the operating company. .

The slight differences of fact do not affect the result which is controlled by our decision in Commissioner of Internal Revenue v. Estate of Anna V. Gilmore et al.

The decisions of the Board of Tax Appeals are affirmed.

## COMMISSIONER OF INTERNAL REVENUE v. Bertha F. KANN and five other cases.

### Nos. 7949, 7950, 7951, 7952, 7953, 7954.

Circuit Court of Appeals, Third Circuit.

Argued May 7, 1942.

Decided Aug. 28, 1942.

Samuel H. Levy, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Bernard Chertcoff, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

A. Leo Weil, Jr., of Pittsburgh, Pa. (Weil, Christy & Weil, of Pittsburgh, Pa., on the brief), for respondents.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The questions here involved are substantially the same as those discussed in the opinion of Commissioner of Internal Revenue v. Estate of Anna V. Gilmore et al., 3 Cir., 130 F.2d 791, decided this day. The differences in facts are slight. Here the holding company was a Delaware corporation and the operating company a Pennsylvania corporation. The merger took place under the statutes of Pennsylvania and upon the filing of the agreement of merger with the Secretary of the State of Delaware, the charter of the holding company was cancelled. The transaction here is

---

[1] 26 U.S.C.A. Int.Rev.Acts pages 855, 858.